UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| RICHARD L. WILKERSON and<br>JAMIE WILKERSON,<br><br>    Plaintiffs,<br><br>v.<br><br>AMERICAN INTERSTATE<br>INSURANCE COMPANY,<br><br>    Intervenor Plaintiff,<br><br>v.<br><br>FLYING J, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.: 3:08-CV-173<br>      (VARLAN/SHIRLEY) |

## **MEMORANDUM AND ORDER**

This civil action is before the Court on Intervening Plaintiff's Motion for Leave for Voluntary Dismissal without Prejudice [Doc. 38]. Pursuant to Rule 41(a)(2), the intervening plaintiff, American Interstate Insurance Company ("American"), moves the Court to dismiss its intervening complaint against defendant. American submits that "[d]uring the course of discovery, it has become increasingly apparent that [American's] role in this case may complicate it unnecessarily" [Doc. 39]. Further, American submits:

> While the [American] has a statutory lien on the Plaintiff's recovery, having [American] as a party defendant at the trial of this matter will only serve to confuse jurors on issues such as subrogation, collateral source rule and similar matters. It will also inject insurance into proceedings where it has no place. Counsel for [American] and the original Plaintiff believe that the trial of this matter is best served by

> allowing [American] to voluntarily dismiss its Intervening Complaint and allow this case to proceed to trial by jury with the Plaintiff, Richard Wilkerson versus the Defendant, Flying J., Inc. in a straightforward one on one manner.

[*Id*.]. The Court also is informed that "[a]rrangements have been made between Plaintiff and [American] regarding [American's] statutory subrogation claim" [*Id*.].

Plaintiff filed a response to the motion [Doc. 40], asserting that American's motion should be granted. Defendant also filed a response to the motion [Doc. 44], stating that it does not oppose American's motion.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2).[1]

"Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citation omitted). The requirement of court approval in Rule 41(a)(2) is intended to protect the non-moving party from unfair treatment. *Grover*, 33 F.3d at 718.

---

[1] The Court notes that no counterclaims have been asserted against American.

2

Case 3:08-cv-00173 Document 45 Filed 02/24/12 Page 2 of 4 PageID #: 335

In reviewing a motion made pursuant to Rule 41(a)(2), a court must determine whether "the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.* (citations omitted). To determine whether a defendant will suffer plain legal prejudice, courts consider factors such as:

> [T]he defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant.

*Id.* (citing *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 474 (7th Cir. 1988)). Each of these factors need not be resolved in favor of the moving party for dismissal to be appropriate. *Rosenthal v. Bridgestone/Firestone*, 217 F. App'x 498, 502 (6th Cir. 2007). Rather, the factors serve as a guide for the district court. *Id.*

Regarding these factors, American submits that defendant had not incurred any additional expense in preparing for trial because defendant would be in the same position had American's intervening complaint never been filed [Doc. 39]. American also submits that its motion "is intended to facilitate an end to the litigation without preclusive effect or prejudice as to any party" [*Id.*].

The Court has reviewed the factors and finds that defendant has put forth effort and expense, especially most recently, in preparing for trial. The Court also does not find a lack of diligence on the part of American in prosecuting this action. Further, American has

3

provided a sufficient reason for taking a dismissal, and no summary judgment motion has been filed by defendant.

Accordingly, and in light of the lack of opposition, the Court hereby **GRANTS** Intervening Plaintiff's Motion for Leave for Voluntary Dismissal without Prejudice [Doc. 38]. American Interstate Insurance Company is **DISMISSED** from this case.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
